UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-cr-219-T-23MAP
   8:16-cv-1833-T-23MAP

CHERYL ERIN FERGUSON
_____/

## O R D E R

Cheryl Ferguson's motion under 28 U.S.C. § 2255 (Doc. 1) challenges the sentence for her conviction for possession with the intent to distribute methamphetamine, for which offense she is imprisoned for 120 months as a career offender. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Ferguson's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2255 motion. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

Ferguson's judgment was entered in 2014 and the one-year limitation expired in 2015. Ferguson's motion, filed in 2016, is untimely based on a limitation under Section 2255(f)(1). As a consequence, two of Ferguson's claims are untimely under Section 2255(f)(1), specifically, that she did not receive a sentence departure under Section 5K1.1 (Ground One) and that trial counsel rendered ineffective assistance (Ground Four). Even if timely, each claim lacks merit.[2]

---

[2] Contrary to her assertion, Ferguson's guideline was lowered three levels under Section 5K1.1 and each of her conclusory statements that counsel was ineffective — "failure to defend," "*Strickland* violations," and "failure to communicate" — is insufficient to assert a claim of ineffective assistance of counsel.

To overcome the untimeliness under Section 2255(f)(1), Ferguson asserts entitlement to a new limitation under Section 2255(f)(3), which establishes a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Ferguson erroneously asserts entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which *Welch v. United States*, 136 S. Ct. 1257 (2016), applies retroactively. *Johnson* holds unconstitutional the residual clause's definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. § 924(e). Ferguson was not sentenced under the ACCA.

Ferguson was sentenced as a career offender under Section 4B1.1, United States Sentencing Guidelines, not the ACCA. As a consequence, *Johnson* does not directly apply to Ferguson. *United States v. Walker*, 631 Fed. App'x 753, 755–56 (2015), explains:

> We recently held in *United States v. Matchett*, 802 F.3d 1185, 1193–94 (11th Cir. 2015), that the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague because advisory sentencing guidelines cannot be unconstitutionally vague. *Id.* at 1193–96. We reasoned that *Johnson* was limited by its own terms to criminal statutes, like the ACCA, that define elements of a crime or fix punishments — neither of which the advisory guidelines do. *Id.* at 1193–94. The vagueness doctrine, we explained, rests on a lack of notice, but the Sentencing Guidelines, because they are merely advisory, cannot give rise to an expectation protected by due process. *See id.* at 1194–95. Therefore, *Matchett* precludes the success of Walker's argument based on *Johnson* that the residual clause in § 4B1.2(a)(2) of the guidelines is unconstitutionally vague.

Ferguson's asserted entitlement to relief under *Johnson* appears foreclosed by *Matchett*. The withholding of the mandate in *Matchett* is of no consequence because, even if extended to a career offender sentence under Section 4B1.1, Ferguson would gain no benefit under *Johnson* because her sentence is based on two prior felony convictions for a controlled substance offense, not for a crime of violence.[3] *See In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016) (rejecting a challenge to a sentence under the ACCA because the predicate convictions included two serious drug offenses). As a consequence, Ferguson's Grounds Two and Three lack merit because *Johnson* is inapplicable to her sentence, which is based her guilty plea to committing a drug trafficking crime.

Accordingly, the motion under Section 2255 (Doc. 1) is **DENIED** as untimely and *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable. The clerk must enter a judgment against Ferguson and close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ferguson is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

---

[3] Both the second superceding indictment and the presentence investigation report identify the prior offenses as a 1997 conviction for armed trafficking in methamphetamine and a 1999 conviction for trafficking in methamphetamine.

substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Ferguson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the Section 2255 motion is clearly time-barred and because she is not entitled to relief under *Johnson*, Ferguson is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Ferguson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 8, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE